## Sugerman v. Pennsylvania Labor Relations Board

*Gazda & Cottone,* for appellant.

*Herbert B. Cohen* and *M. Louise Rutherford,* for appellee.

EAGEN, J., June 15, 1955.—We have before us a petition for review of a decision and order of the Pennsylvania Labor Relations Board.

Former employes of respondent on September 15, 1954, filed charges against the employer of unfair labor practices, within the provisions of the Pennsylvania Labor Relations Act of June 1, 1937, P. L.

1168, 43 PS §211.1 et seq. Specifically, it was alleged that the said employes were discharged by respondent on March 18, 1954, solely because of union activities, contrary to the statute.

The employer asked to have the charges dismissed, contending the same were filed too late for the board to have jurisdiction. The legal correctness of an order of the board deciding to the contrary and assuming jurisdiction is now before us on appeal.

Section 9 (e) of the Act of 1937, supra, 43 PS §211.9, provides as follows:

". . . No petition or charge shall be entertained which relates to acts which occurred or statements which were made more than six weeks prior to the filing of the petition or charge."

It has been held that this statutory provision is in the nature of a substantive statute of limitations and that the board has no power to consider charges relating to acts occurring more than six weeks before the filing of the charges. Small v. Scranton Printers Union, no. 5, 1940, and Lancaster Yellow Cab Inc. v. Pennsylvania Labor Relations Board, 371 Pa. 49.

It appears that the charges of unfair labor practices involving the same incidents were originally filed with the National Labor Relations Board on April 28, 1954, within the time limit prescribed by law. This was done because Harry Sugerman, sole proprietor of the Eynon Drug Store, had testified on April 7, 1954, before this court in a suit in equity involving the issuance of a restraining injunction between the store and the union, that the store shipped between $50,000 and $100,000 worth of goods annually in interstate commerce. At that time, the criterion for the assumption of jurisdiction by the national board was the shipment of $25,000 worth of goods annually in interstate commerce. However, on July 1, 1954, the national board modified its jurisdictional standards, and in the case

of retail stores such as the one involved announced that it would not take jurisdiction where the amount shipped annually in interstate commerce was less than $100,000. On August 6, 1954, the board notified the parties herein that because of the change in jurisdictional standards, a complaint would not be issued by the national relations board, in short, jurisdiction was refused.

In assuming jurisdiction of the issue, the Pennsylvania relations board took the position that the statute of limitations did not begin to run until the cause of action before that board came into being, and that the jurisdiction of the present dispute did not lie in the Pennsylvania board until and after August 6, 1954, when the issuance of the complaint was refused by the national board for the reasons described hereinbefore.

We are all of one mind that this ruling was correct and sound.

Statutes of limitations are generally designed for the purpose of preventing undue delay, and to suppress fraudulent and stale claims being asserted to the surprise of individuals after important evidence may be lost or unavailable. Such statutes, in good reason, should never be operative until there is in existence a cause of action to which it may be applied. The time limit should begin to run only after the right to prosecute the action has fully accrued.

In this the instant case, the "cause of action" as far as the Pennsylvania board was concerned did not in fact "arise" nor did the right to prosecute it exist until August 6, 1954. Complainants did everything they could possibly have done and did so promptly. They filed their charges with the only tribunal that had jurisdiction as of that time. If the dispute had on that date been filed with the Pennsylvania board, it would

have been dismissed for lack of jurisdiction because of the standards of jurisdiction then in regulation before the national board.

Complainants should not be denied their day in court because the National Labor Relations Board saw fit to change jurisdictional requirements while their action was pending.

Now, therefore, June 15, 1955, the appeal from the order of the Pennsylvania Labor Relations Board is dismissed and this action is remanded to said board for further proceedings.